Raymond A. Actis, Plaintiff-Appellee, *v.* James H. Wolf, Defendant-Appellant.

(No. 71-201; ▮)

Third District—November 16, 1972.

Louis E. Olivero, of Peru, for appellant.

Johnson, Matin & Russell, of Princeton, (Daniel Russell, of counsel,) for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Seeking to recover damage to his car, Raymond Actis, Plaintiff and Counterdefendant, brought this action in the Circuit Court of Bureau County against James Wolf, Defendant and Counterplaintiff. To recover damages to his car Wolf counter-claimed against Actis. Jury verdicts were returned against Actis and in favor of Wolf on the original action and in favor of the counterdefendant and against the counterplaintiff on the counterclaim. Judgments were entered on the verdicts, post trial motions were denied and this appeal follows.

This action arises out of a collision between plaintiff's car operated by his son and a car owned and operated by defendant. The collision took place at an open or uncontrolled intersection in the City of Spring Valley, Illinois. Only the plaintiff and defendant testified. Plaintiff was not in the car or at the scene of the collision when it occurred and his testimony related principally to the delivery of his car to his son and the type of damage. Defendant Wolf was called by plaintiff to testify as an adverse witness and also testified in his own behalf.

At the close of plaintiff's case and at the close of all the evidence defendant moved for a directed verdict in his favor on the original cause

of action contending plaintiff had failed to produce any evidence of plaintiff's freedom from contributory negligence or evidence of defendant's negligence. Each motion was denied but as indicated earlier the jury found the issues on the original action in favor of the defendant. No cross appeal was filed by plaintiff and consequently the judgment in defendant's favor still stands.

However on this appeal the defendant and counterplaintiff insists that because the trial court erroneously declined to direct a verdict in his favor on the original action the erroneous continuation of the original action as an issue in the case submitted to the jury prejudicially affected the jury's proper consideration of the counterclaim.

Defendant's initial premise namely that the court erred in refusing to direct a verdict in his favor on the original action is based on his contention that plaintiff's son was the plaintiff's agent and hence the duty of the son to exercise due care was imputed to the plaintiff. Furthermore according to defendant, the evidence was insufficient to justify the inference that defendant was negligent.

However we find it unnecessary to determine whether the court erred in refusing to direct a verdict in defendant's favor because whether the court erred or not no prejudice resulted to defendant. As noted before, the jury decided in favor of the defendant and although the defendant suggests that the jury instructions and verdict forms would have been somewhat different we do not agree with the defendant that any confusion or misunderstanding could have resulted. The issues would have been the same *i.e.* principally the conduct of the plaintiff's son and the defendant and the fact that two verdict forms and instructions would have been submitted to the jury rather than three *is* we believe of no particular significance.

Counterplaintiff also argues that the verdict of the jury against him on his counterclaim is contrary to the evidence as a matter of law citing *Pedrick v. Peoria and Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504. We find no merit to this contention. Even though counterplaintiff Wolf was the only occurrence witness, (there was also a photograph of plaintiff's car showing the area damaged) conflicting inferences may be drawn from his testimony. In particular it cannot be said as a matter of law that counterplaintiff was in the exercise of due care for his own safety.

Finding no error in the judgments of the Circuit Court of Bureau County the judgments of said court are affirmed.

Judgments affirmed.

ALLOY and SCOTT, JJ., concur.